KATE TULCHINSKY, Plaintiff, *v.* PUBLIC SERVICE MUTUAL CASUALTY INSURANCE CORPORATION, Defendant.

Second Department, November 1, 1935.

*Ralph Stout* [*Louis Rothbard* with him on the brief], for the plaintiff.

*E. Edan Spencer*, for the defendant.

PER CURIAM. Plaintiff sued to recover damages for loss of her infant child's services and for incidental expenses, arising by reason of personal injuries suffered by the child from a taxicab owned by one Danishefsky. Having recovered a judgment for $2,500 against Danishefsky which she was unable to collect, plaintiff sued the defendant, the insurer. The defendant contests the claim upon the ground that it is not liable under section 17 of the Vehicle and Traffic Law. The matter is submitted upon an agreed statement of facts, pursuant to sections 546 and 548 of the Civil Practice Act.

The insurance policy in question provides that the insurer " agrees to indemnify the Assured against loss arising from the liability imposed by law upon the Assured for damages on account of death or bodily injuries, * * * and *including loss arising from the liability and responsibility imposed by law on the Assured, as owner, for death or injuries to person.*"

Liability is limited to $2,500 " for bodily injuries or death, * * * and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to Five Thousand Dollars ($5,000) for bodily injuries or death."

Defendant's contention is that its liability is limited so as to exclude liability for judgments for loss of services. The basis for such claim is that the Legislature used different terms in the original law and the amendments thereto.

When section 282-b of the Highway Law took effect in 1922, it contained language reading, " for death or for injury to persons or

property." As amended in 1924 (Laws of 1924, chap. 413), it read, " for bodily injuries or death." The change is said to be intentional.

The present policy became effective December 10, 1934, and is not affected by the amendment to the law adopted in 1934 (Laws of 1934, chap. 902. effective January 1, 1935) and which reads, " For damages for and incident to death or injuries to persons." (Vehicle and Traffic Law, § 17.)

The spirit and intent of the statute was to provide means of recovery to those who suffer from the negligence of insolvent taxicab owners. If there is an ambiguity in the language contained in the policy it must be construed against the defendant, since it prepared the form used.

The crux of defendant's contention is that by the use of the words " bodily injuries," the Legislature intended to exclude an action to recover for loss of services, whereas the language " injuries to person " would include such an action.

In *Floyd* v. *Consolidated Indemnity & Insurance Co.* (237 App. Div. 190) this court held the insurer to liability upon language contained in the policy in that case identical in part with that found in the policy now before us. Mr. Justice KAPPER there wrote (p. 194): " While it [the policy] does agree to indemnify the assured against loss, etc., ' on account of death or bodily injuries,' it goes further by reading ' and *including* loss arising from the liability and responsibility imposed by law on the Assured, as owner, for death or *injuries to person* or property resulting from negligence in the operation of such motor vehicles or any of them.' If the policy had agreed to indemnify for ' bodily injuries ' only, the appellant would be correct in disclaiming liability for the husband's loss (*Brustein* v. *New Amsterdam Casualty Co.,* 255 N. Y. 137), but the broader language here, which includes loss for ' injuries to person,' and which compulsorily applies to the policy in question issued pursuant to section 17 of the Vehicle and Traffic Law (applicable to indemnity bonds or policies for the operation of taxicabs), renders it clear that the loss in question was covered by the policy. It is settled law that the words ' injuries to person ' include a husband's loss of services of the wife. That ruling obtained under the language of section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd.; now Vehicle and Traffic Law, § 17). (*Psota* v. *Long Island R. R. Co.,* 246 N. Y. 388, 396.) And in *Price* v. *National Surety Co.* (246 N. Y. 586, reversing, on dissenting opinion below, 221 App. Div. 56, 59) it was held that where an insurance policy indemnifies ' for death or for injury to persons or property ' caused in the operation of a motor vehicle,

this indemnification includes an action for damages for loss of services of the person directly injured. These cases are cited as existing law in *Brustein* v. *New Amsterdam Casualty Co. (supra)."*

Judgment should be directed for plaintiff, without costs.

Present — YOUNG, HAGARTY, CARSWELL, SCUDDER and TOMPKINS, JJ.

Judgment unanimously directed for plaintiff upon the agreed statement of facts, without costs.