MARGARET MILLAR, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant. (Appeal No. 1.)

JOHN R. MILLAR, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant. (Appeal No. 2.)

BELLE L. BECKER, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant. (Appeal No. 3.)

WALTER S. BECKER, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant. (Appeal No. 4.)

Fourth Department, June 30, 1936.

*August Merrill*, for the appellant.

*Robert F. Livingston*, for the respondents.

SEARS, P. J.  The four judgments appealed from are recoveries by the plaintiffs as statutory beneficiaries under the provisions of section 109 of the Insurance Law under a policy of casualty insurance issued by the defendant to Albert Kauffman.  The plaintiffs Margaret Millar and Belle L. Becker were, during the afternoon of January 20, 1928, riding as passengers in an automobile driven by the plaintiff Walter S. Becker, the owner of the car, when a collision occurred between the Becker automobile and the automobile of Albert Kauffman.  Margaret Millar and Belle L. Becker received bodily injuries.  Separate suits were brought against Kauffman by each of the four plaintiffs above named, and judgments were recovered against him by Margaret Millar and Belle L. Becker for their damages for personal injuries, by Walter S. Becker for damages to his automobile and by John R. Millar for his damages for loss of services of his wife, Margaret Millar, and for the expenses incurred by him in relation to her injuries.  Executions on these

judgments were issued against Kauffman and were returned unsatisfied. Separate actions were then brought against this defendant by the four persons who had recovered against Kauffman. This defendant, having been promptly notified of the actions brought by the plaintiffs against Kauffman, disclaimed liability and refused to defend. In the actions brought by the plaintiffs against the defendant and now before this court, the defendant similarly denies liability and claims that the policy issued by the defendant to Kauffman does not cover Kauffman's accident in which the plaintiffs Margaret Millar and Belle L. Becker suffered bodily injuries.

About the hour of noon on the 20th day of January, 1928, Kauffman went to the office of the Hudson-Mohawk Brokerage, Inc., an insurance agency in Albany, and there had a talk with Frank Coburn, who, with Alan Robinson, was conducting the agency. Kauffman asked Coburn whether the agency was writing insurance for automobiles. Coburn told him it was writing policies of the pleasure car type. Kauffman asked if the agency would take an application on his Buick automobile. Coburn asked Kauffman " if he owned the car, what type of car it was, what he was going to use the car for." Kauffman said that he owned the car, which he described, and that he intended to use it for private livery. Coburn told Kauffman that he had no authority to write policies except for pleasure cars, and that all the agency could do was " to make application to the New York office, for submission, to see whether they would issue a policy to him." " We," Coburn further said, according to his undisputed testimony, " had no authority whatsoever to bind in any way, shape or manner, this type of policy, we would simply submit it to the New York office and after a thorough investigation and in their judgment they saw fit to write the policy they would, otherwise they would not, we would not assure him in any way whether we would get a policy back or not." The testimony does not literally show that Kauffman requested the agency to make application for a policy, but that he was told that this application would be sent to the office in New York may well be implied from the testimony of Coburn, and from the fact that the following letter was that day written by Hudson-Mohawk Brokerage, Inc., to the defendant's New York office:

" DEFENDANT'S EXHIBIT 5.
" Copy
" NEW AMSTERDAM CASUALTY COMPANY
        New York Office
                60 John Street
Hudson-Mohawk Brokerage, Inc.
    Agents
    90 Maiden Lane

                                        " ALBANY, N. Y.
                                                *Jan.* 20, 1928

" Mr. A. C. JEKER,
New Amsterdam Casualty Co.,
60 John St.,
New York City, N. Y.

" Dear Mr. JEKER: Will you please issue a Statutory policy dated from today, covering Albert Kauffman, whose residence is 90 North Pearl St., Albany, N. Y., and who is operating from 1075 Madison Ave., Albany, N. Y., under private livery.

" The Assured's car is a 1928 seven passenger Buick Sedan, motor # 1997392. Will you kindly advise us if it will be necessary for Mr. Kauffman to have a sticker for the coming month.

" Thanking you for your attention, we are,
                                " Yours very truly,
                " HUDSON-MOHAWK BROKERAGE, INC.,
AR:EH                                   by A. ROBINSON."

(On this letter appears in lead pencil " Get a report. Let me have policy number when written. J.")

On the twenty-first day of January Coburn had a conversation with the New York office of the defendant by telephone, during the course of which the Kauffman application was referred to. Coburn then advised the New York office that Kauffman " owned the car, as far as [they] knew, he was morally all right." On the same day, namely, the twenty-first day of January, the defendant wrote the policy, caused it to be countersigned by an authorized representative in New York and sent it to the Hudson-Mohawk Brokerage, Inc., which received it on January twenty-second. On the twenty-second day of January Kauffman called at the agency, paid thirty dollars, an adequate partial payment of the premium, and received the policy. He said nothing about having had an accident previous to that time. On the twenty-third day of January, however, he returned to the Hudson-Mohawk Brokerage, Inc., agency and stated that he had had an accident on the afternoon of January twentieth, and with the assistance of the agency made out a report of the

accident. The policy is in the usual form, purporting to indemnify the assured, Albert Kauffman, " for damages on account of death or bodily injuries or on account of injuries to or destruction of property of every description (including the loss of use), resulting from or caused by the operation, maintenance, use or the defective construction of the motor vehicles described in the Schedule annexed " thereto, " if suffered or alleged to have been suffered within the Policy Period." The policy provides that " the liability of the defendant for loss resulting from any one judgment is limited to Two Thousand Five hundred Dollars ($2,500) for bodily injuries or death, and Five Hundred Dollars ($500) for damages to or destruction of property, and on all judgments recovered upon claims arising out of the same transaction or transactions connected with the same subject of action to Five Thousand Dollars ($5,000) for bodily injuries or death, and One Thousand Dollars ($1,000) for damage to or destruction of property, to be apportioned ratably among the judgment creditors according to the amount of their respective judgments." The schedule of declarations of the assured attached to the policy and made a part of it contains the following: " Item 10. The policy period shall be (time) months, beginning on the 20 day of January, 1928, at noon, and ending on the 31 day of December, 1928, at noon, standard time at the Assured's address given above." The policy contains an indorsement in relation to private livery use which included the following: " This Endorsement shall become effective January 20, 1928, and shall not be valid unless countersigned by a duly authorized representative of the Company." The indorsement bears a countersignature of an authorized representative at New York, dated January 21, 1928. A further special automobile indorsement is attached to the policy referring to chapters 534 and 639 of Laws of 1924 of New York and includes this paragraph: " This endorsement shall become effective January 20, 1928, at 12:01 A. M., but shall not be valid until countersigned by a duly authorized representative of the Company." The indorsement is countersigned by a duly authorized representative of the defendant, but the date of the countersignature is not stated in this indorsement. From what has already been said, the countersignature could not have been affixed until January twenty-first. The policy was canceled by the defendant pursuant to one of its terms on the 21st day of February, 1928, and there was returned to Kauffman fourteen dollars and thirty-two cents of his prepaid premium, the defendant retaining fifteen dollars and sixty-eight cents, earned premium.

On these facts we reach the conclusion that the defendant's policy issued to Kauffman did not cover liability for an accident

occurring on January twentieth. It does not matter whether (except for the accident) the contract would be held to have been made on January twenty-first or January twenty-second. In neither case would the plaintiffs be entitled to benefit by its provisions for the accident occurring before that date. If the letter written by the insurance agency on January twentieth should be construed as a letter on the agency's own behalf, written for the purpose of getting into the agency's hands a policy which the agency in turn could deliver to Kauffman when the premium was paid, then on such interpretation of the facts the acceptance of the defendant's offer of the policy occurred when the policy was delivered to Kauffman on January twenty-second, on his payment of the premium in part. Kauffman could, however, not accept the policy at that time in good faith without stating to the agency that the accident of January twentieth had occurred. The hazard to be insured against was at that time greater than the defendant knew when it wrote the policy and caused it to be countersigned. An acceptance of the policy under such circumstances would be a fraud upon the defendant, and upon such an interpretation of the facts the contract was obviously void. (*Goldstein* v. *New York Life Ins. Co.*, 176 App. Div. 813; affd., 227 N. Y. 575.)

If, on the other hand, the letter of the agency dated January twentieth be deemed to be an offer for a contract which ordinarily would ripen into a binding agreement upon acceptance so that the contract would have been made when the defendant wrote the policy and caused it to be countersigned by an authorized representative, or at least when it was posted on January twenty-first to the agency, still even in this view of the proof, before the defendant had acted upon the application the hazard to be covered had already been increased by the accident. The applicant had full knowledge of the accident when it occurred, as he participated in it. Under such circumstances it was the express duty of Kauffman to notify the defendant at once of the substantial increase in hazard resulting from the accident. He could easily have done this not only by communicating with New York by telegraph or telephone, but also by communicating with the Hudson-Mohawk Brokerage, Inc. He made no attempt to do this. In fact, he even concealed the fact of the accident from the insurance agency in the interview of January twenty-second. His failure to notify the defendant vitates the acceptance of his application by the defendant when it acted in complete ignorance of the changed condition of the risk covered. (*Snow* v. *Mercantile Mutual Ins. Co.*, 61 N. Y. 160; *Goldstein* v. *New York Life Ins. Co.*, *supra*; *Green* v. *Merchants' Ins. Co.*, 27 Mass. [10 Pick.] 402. And compare *Pendergast* v. *Globe*

& *Rutgers Fire Ins. Co.*, 246 N. Y. 396.) The cancellation of the policy on February twenty-first is not so unambiguous an act as to amount to a waiver of Kauffman's fraud in securing the policy without notifying the defendant of the increase of hazard. The cancellation may have been made on the theory that the policy was valid prospectively despite Kauffman's acts.

Brief mention is made of certain other points argued upon the appeals. There was sufficient proof of ownership of the automobile by Kauffman. It was shown that he was in possession of the car; he said he owned it; he registered it in his own name. The conditional sale contract from the Coughtry-Winne Motors, Inc., to Gertrude Wessel, dated November 7, 1927, as far as appears involves a transaction to which Kauffman was an entire stranger. We may suspect that Kauffman bought the car from Wessel subject to an outstanding conditional sales contract, but, inasmuch as neither Kauffman, nor Wessel nor any person connected with Coughtry-Winne Motors, Inc., was sworn, there is nothing in the record to give substance to the suspicion.

The judgment in favor of Margaret Millar, even under the plaintiff's theory, was excessive. The policy specifically provided that the insurance coverage in respect to the damages suffered by any one person could not exceed $2,500. This provision seems to have been overlooked. There was no occasion for apportioning the recovery between Margaret Millar and Belle L. Becker, as their damages, taken together, when Margaret Millar's damage is limited to $2,500, do not exceed the $5,000 limit of the policy.

The judgment in favor of John R. Millar should also be reversed on another ground. His recovery against Kauffman was for his damages resulting from his wife's injuries. He received no bodily injuries himself; nor did he suffer any property loss of the kind covered by the policy. His claim must, therefore, be rejected on the authority of *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137). (Compare *Tulchinsky* v. *Public Service Mutual Casualty Ins. Corp.*, 245 App. Div. 382.)

Findings of fact and conclusions of law inconsistent with this opinion should be disapproved and reversed, and new findings and conclusions made in accordance herewith.

The four judgments appealed from should be reversed on the law and the facts and judgment granted in each case in favor of the defendant and against the plaintiff, with costs.

In Appeal No. 1: All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and facts, with costs, and judgment granted in favor of defendant, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

In Appeal No. 2: Same decision and like cause of action as in companion case of *Millar* v. *New Amsterdam Casualty Co., No. 1.* Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

In Appeal No. 3: Same decision and like cause of action as in companion case of *Millar* v. *New Amsterdam Casualty Co., No. 1.* Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

In Appeal No. 4: Same decision and like cause of action as in companion case of *Millar* v. *New Amsterdam Casualty Co., No. 1.* Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.