In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance, etc., for an Order to Take Possession of the Property and Liquidate the Business of CONCORD CASUALTY AND SURETY COMPANY.

Claim of MARGARET V. WHALEN, JEREMIAH BURKE, LUCILLE MURPHY and JAMES WHALEN. Claims Nos. CCT-88, CCT-90, CCT-109, CCT-89.

Supreme Court, Special Term, New York County, May 20, 1937.

*Alfred C. Bennett*, for the liquidator.

*Thomson & McGinty*, for the claimants.

PECORA, J. The Superintendent of Insurance moves for a reargument of a motion heretofore made to confirm a referee's report sustaining the disallowance of claims made by the claimants in the proceedings for liquidation of the Concord Casualty and Surety Corporation. Upon the original motion the court refused to confirm the referee's report upon the ground that the claims had been dismissed upon improper technical grounds, and directed that the referee examine the said claims on the merits.

The inclusion of the word " not " in the following two sentences in the court's original memorandum opinion was a typographical error: " The claimants were not justified in marking the case off the calendar and applying for the liquidation of their claims before the Insurance Department. Their claims against the company were not technically contingent within the purview of the statute."

The claimants, on October 16, 1932, were passengers in an automobile which collided with a taxicab owned by one Aaron Katz. Prior to that date, Katz had obtained a surety bond from the Concord Casualty and Surety Company, pursuant to the requirements of section 17 of the Vehicle and Traffic Law. Said surety bond was subsistent at the time of the collision. It provided that Katz, as principal, and the Concord, as surety, were " held firmly bound unto the People of the State of New York for the benefit of any person who shall recover a judgment against the principal for damages for death, personal injury or injury to property " resulting from the operation, use or defective construction of the bonded motor vehicle.

The claimants commenced an action against Katz in the Supreme Court, Bronx county, to recover damages for injuries sustained to their persons and property. On October 24, 1934, and while that action was pending, an order was entered directing the Superintendent of Insurance to take possession of the property and liquidate the business of the Concord Casualty and Surety Company. Proofs of claim were thereafter filed in this proceeding. In the meantime, the cause in Bronx county was marked " off the calendar." The claims filed were disallowed by the liquidator, and his decision has been affirmed by the referee.

The Superintendent of Insurance contends that, upon the original motion, this court incorrectly held that the surety bond involved came within the purview of subdivision 4 of section 425 of the Insurance Law. Section 425 of the Insurance Law provides for the proof and allowance of claims in cases where an order of liquidation

of an insurer has been issued. Subdivision 3 of that section, so far as relevant herein, states: "No contingent claim shal share in a distribution of the assets of an insurer which has been adjudicated to be insolvent by an order made pursuant to section four hundred and twenty-four of this chapter except such claims shall be considered, if properly presented, and may be allowed to share where (a) such claim becomes absolute against the insurer on or before the last day fixed for the filing of proofs of claim against the assets of such insurer."

Subdivision 4 provides: "Where an insurer has been adjudicated to be insolvent by an order made pursuant to section four hundred and twenty-four of this chapter, any person who has a cause of action against an assured of such insurer, *which is the subject of indemnity under a liability policy issued by such insurer*, shall have the right to file a claim in the liquidation proceeding, regardless of the fact that such claim may be contingent."

There can be no question but that the claims of the injured persons against the Concord were contingent at the time the order of liquidation was entered. In *Matter of People (Lexington S. & I. Co.)* (272 N. Y. 210) the court, in discussing whether a surety bail bond was contingent, stated (at p. 214): "This court has repeatedly referred to surety bonds as contingent prior to default. (*People* v. *Metropolitan Surety Co.*, 205 N. Y. 135; *Matter of People [Empire State Surety Co.]*, 214 N. Y. 553; 216 N. Y. 273.)"

But since judgment had not been obtained against the insured prior to the expiration of the time for filing claims, the claims had not become absolute. The claimant's right to recover, therefore, depends upon whether the claim is one cognizable under subdivision 4 of section 425. Did the claimants have a cause of action against an assured of an insurer which was the subject of indemnity under a *liability policy* issued by such insurer?

The surety bond herein was obtained pursuant to the mandatory provisions of section 17 of the Vehicle and Traffic Law, requiring all persons operating vehicles for hire to obtain either a surety bond or policy of insurance conditioned for the payment of any judgment recovered against such person. There are limited sums provided for, but these are immaterial herein. "The spirit and intent of the statute was to provide means of recovery to those who suffer from the negligence of insolvent taxicab owners." (*Tulchinsky* v. *Public Service Mut. Cas. Ins. Corp.*, 245 App. Div. 382.)

The Superintendent of Insurance contends that a surety bond obtained pursuant to section 17 of the Vehicle and Traffic Law is not a "liability policy" under subdivision 4 of section 424 of the Insurance Law. The term "liability policy" is a generic one

which has been used to describe automobile insurance. (See 5 Couch Cyclopedia of Insurance Law, §§ 1175–1175f.) " The cardinal rule for the construction of legislative acts is to ascertain the intent of the Legislature. When that is determined the language must, if possible, be construed to make the intent effective." (*People ex rel. Steckler* v. *Warden of City Prison*, 259 N. Y. 430; *103 Park Ave. Co.* v. *Exchange Buffet Corp.*, 242 id. 366.)

When the purpose of section 17 of the Vehicle and Traffic Law is considered, it becomes apparent that the Legislature never intended to defeat its salutary aims by excluding the claimants from participation in the liquidation of the Concord, if they have meritorious claims. Section 17 of the Vehicle and Traffic Law provides for two types of insurance: (a) A surety bond; (b) a policy of insurance. In the former the insurer agrees to pay any judgment obtained against the taxi owner, while in the latter there is an agreement to indemnify the owner for any sums he may pay, as well as an obligation to help defend suits against him. The rates for surety bonds are lower than those for policies of insurance. As a rule a solvent responsible owner will obtain indemnity insurance because a judgment against him can be collected, while the impecunious and financially irresponsible owner of vehicles for hire contents himself with the less expensive surety bond. The injured person, in the absence of mandatory insurance under section 17 of the Vehicle and Traffic Law, is less likely to collect a judgment from the latter type than from the former. The protection intended by section 17 should continue upon liquidation of the insurer. A contrary conclusion would result in the exclusion of those most likely to suffer by virtue of the liquidation. The purpose of the legislation would be thwarted. There would be evident injustice in such an interpretation of subdivision 4 of section 425 of the Insurance Law. Certainly where a decision of exclusion will result in palpable unfairness, the language and intent of the section should clearly and unequivocally point in that direction. The use of the words " liability policy " in subdivision 4 of section 425 must be construed to include surety bonds issued under section 17 of the Vehicle and Traffic Law.

In *Kuhn* v. *Auto Cab Mutual Indemnity Co.* (244 App. Div. 272; affd., 270 N. Y. 587) an action was commenced under section 109 of the Insurance Law, which provides for " Standard provisions for *liability policies.*" The court, evidently, assumed that the surety bond involved was a " liability policy " under that section.

The motion for reargument is granted, and upon reargument the original decision is adhered to and the referee is directed to consider the claims upon the merits. Settle order on two days' notice.