■ In the Matter of NASSAU INSURANCE Co., Respondent, v HERBERT SAMUELS, Respondent, and LUMBERMENS MUTUAL CASUALTY Co., Appellant. — In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the appeal is from a judgment of the Supreme Court, Queens County, dated May 27, 1980, which granted the petition. Judgment affirmed, with

costs. The parties entered into an agreed statement of facts. Appellant Lumbermens Mutual Casualty Co. conceded that it had issued a policy of insurance covering the Namoto vehicle for the period covering January 7, 1978 through December 31, 1978, but maintained that at the request of Namoto this insurance was canceled on January 16, 1978 prior to the date of the accident on June 4, 1978. Lumbermens further conceded, and the record establishes, that it never filed an FH-4 certificate of termination of insurance with the Commissioner of Motor Vehicles. Petitioner Nassau Insurance Co. contended that this omission rendered the cancellation ineffective. The issue before this court is whether Lumbermens' cancellation of its insurance policy on the Namoto vehicle was effective. We hold that it was not. The Namoto vehicle was one "for hire". Therefore the cancellation of its policy of insurance is governed by section 370 of the Vehicle and Traffic Law. That section generally provides, inter alia, that one who is engaged in the business of transporting passengers for hire in a motor vehicle must file evidence of a policy of insurance with the Commissioner of Motor Vehicles (Vehicle and Traffic Law, § 370, subd 1). Moreover, an insurance company, evidence of whose policy has been filed, may file a notice in the office of the commissioner that upon the expiration of 20 days from such filing the policy will be canceled (Vehicle and Traffic Law, § 370, subd 1, par [b]). The purpose of this statute was primarily to protect the passengers of the vehicle, not the owner of the vehicle (see Memorandum of State Dept. of Motor Vehicles, NY Legis Ann, 1971, p 461; Green Bus Lines v Ocean Acc. & Guar. Corp., 287 NY 309, 313; Tulchinsky v Public Serv. Mut. Cas. Ins. Corp., 245 App Div 382, 384). In light of this, Lumbermens' claim that section 370 applies only when the insured cancels the policy is untenable because it would permit an owner of a vehicle for hire to obtain a certificate of insurance, cancel the policy and receive a refund of the premium, in clear violation of the intent of the statute to protect the public from an insolvent owner in the event of injury. The record demonstrates that Lumbermens failed to comply with the requirements of the specific insurance policy in effect between it and Namoto. The cancellation clause in the policy was supplemented by a New York motor carrier indorsement which provided, inter alia, "Cancellation of the policy shall not become effective until twenty days after receipt of written notice of such cancellation by the office of the Commissioner of Motor Vehicles at Albany, New York, except with the consent of said Commissioner". Clearly no distinction is made with respect to whether the insurer or the insured requests cancellation. Therefore, notification is required regardless of who wishes to cancel the policy. This view is not inconsistent with this court's decision in Nassau Ins. Co. v Lucas (79 AD2d 892). There the livery vehicle's insurance policy was canceled before the Commissioner of Motor Vehicles was notified that the vehicle was insured. Moreover, the prospective insured returned the certificate of insurance to the insurance company. Under those facts the intent of section 370 of the Vehicle and Traffic Law was not violated since the commissioner could revoke the insured's registration, as provided in the statute, to protect the public. In contrast, the record in the instant case reveals that the commissioner had been notified that the Namoto vehicle was insured, and would not be aware of any change unless given the notification as required both by section 370 and the insurance policy. Accordingly, the policy of insurance issued by Lumbermens to Namoto was not properly canceled and was, therefore, in effect at the time of the accident. Hopkins, J. P., Rabin, Gulotta and Thompson, JJ., concur.