■ JAMES A. GORRA, Respondent, v NEW YORK LIFE INSURANCE COMPANY, Appellant. [714 NYS2d 85] —In an action to

obtain the proceeds of a life insurance policy, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated November 17, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was the beneficiary of a life insurance policy issued to his father (hereinafter the insured) by the defendant. On the policy applications, dated November 8, 1984, and November 15, 1984, the insured failed to disclose his prior hospitalization from September 12, 1984, through September 21, 1984, as well as his hemoptysis (coughing of blood). The insured died within the two-year contestable period. After an investigation, the defendant denied the plaintiff's request for the proceeds of the life insurance policy on the ground that the insured had made material misrepresentations on the applications. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint on the basis that there are triable issues of fact. We reverse.

Contrary to the Supreme Court's determination, the defendant proffered sufficient evidence to establish, as a matter of law, that the insured made material misrepresentations on his policy applications (*see, Gugleotti v Lincoln Sec. Life Ins. Co.,* 234 AD2d 514; *Aguilar v United States Life Ins. Co.,* 162 AD2d 209; *Meagher v Executive Life Ins. Co.,* 200 AD2d 720). The defendant submitted an affidavit of its assistant vice-president in charge of new business underwriting and relevant portions of its underwriting manual which established that the omissions induced it to accept the insured's applications for insurance, which it might otherwise have refused (*see, Shabashev v New York Life Ins. Co.,* 150 AD2d 673; *Gugleotti v Lincoln Sec. Life Ins. Co., supra; Geer v Union Mut. Life Ins. Co.,* 273 NY 261; *Aguilar v United States Life Ins. Co., supra*). In opposition, the plaintiff did not raise a triable issue of fact. Accordingly, the defendant was entitled to summary judgment. Bracken, J. P., Florio, H. Miller and Smith, JJ., concur.