■ Joy Z. Chester, Appellant, v Mutual Life Insurance Company of New York, Respondent, et al., Defendant. [736 NYS2d 355] —Order and judgment (one paper), Supreme Court, New York County (Barry Cozier, J.), entered November 20, 2000, which, insofar as appealed from, granted defendant insurer's motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment against defendant insurer, unanimously affirmed, without costs.

Plaintiff's decedent, the insured, an attorney, represented in his application to obtain life insurance from defendant, inter alia, that he had not been diagnosed with a tumor, had not had blood tests in the previous five years, had not had recent non-routine medical exams, and had not been advised to have surgery. Despite his twice agreeing that payment of the premium at a later date would necessarily be a representation that all answers given on his application would be the same on that later date, the insured failed to inform the insurer that none of these representations was still true on the date his first premium was paid. Based on an appropriate affidavit from the insurer's underwriter and excerpts from its underwriting guidelines, the motion court properly found, as a matter of law, that the insured had made material misrepresentations, warranting its decision to decline to pay on the policy (*see, Kroski v Long Is. Sav. Bank*, 261 AD2d 136; *see also, Gorra v New York Life Ins. Co.*, 276 AD2d 469, 470). Plaintiff did not raise a triable issue as to waiver, since she offered no evidence of a clear manifestation of intent by the insurer to abandon its right to assert a defense (*see, Sulner v G.A. Ins. Co.*, 224 AD2d 205, 206, *lv denied* 88 NY2d 805). The motion court properly found that plaintiff's decedent had not prejudicially relied on the

insurer's delivery of the policy, justifying rejection of plaintiff's estoppel claim (see, e.g., *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581, 582). Further, there was no evidence of actual conduct by the insurer affirmatively lulling plaintiff or her decedent into inaction (see, *Aabco Sheet Metal Co. v Seven W. 34th St. Dev. Corp.*, 220 AD2d 229). Concur—Williams, J.P., Tom, Rosenberger, Wallach and Marlow, JJ.