■ VALENTINA ROUDNEVA, Appellant, v BANKERS LIFE INSURANCE COMPANY OF NEW YORK, Respondent. [827 NYS2d 213]—

In an action to recover the proceeds of a life insurance policy, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated May 19, 2005, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of that branch of its motion which was for summary judgment dismissing the complaint, the defendant proffered sufficient evidence to establish, as a matter of law, that its

insured, the plaintiff's decedent, made material misrepresentations on the application to reinstate the policy of life insurance at issue here (*see Gorra v New York Life Ins. Co.*, 276 AD2d 469, 470 [2000]; *Gugleotti v Lincoln Sec. Life Ins. Co.*, 234 AD2d 514 [1996]; *Meagher v Executive Life Ins. Co. of N.Y.*, 200 AD2d 720 [1994]; *see also Chester v Mutual Life Ins. Co. of N.Y.*, 290 AD2d 317 [2002]; *Aguilar v United States Life Ins. Co. in City of N.Y.*, 162 AD2d 209 [1990]). To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application (*see* Insurance Law § 3105 [c]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]; *Tuminelli v First Unum Life Ins. Co.*, 232 AD2d 547 [1996]; *Shapiro v Allstate Life Ins. Co. of N.Y.*, 202 AD2d 659, 660 [1994]). The defendant did that here by submitting the affidavit of its chief underwriter, supported by relevant portions of its underwriting manual and the "Blood Pressure Life Ratings," which established that the omissions induced it to reinstate the policy, which it might otherwise have refused (*see Gorra v New York Life Ins. Co., supra* at 470; *Shabashev v New York Life Ins. Co.*, 150 AD2d 673 [1989]; *Gugleotti v Lincoln Sec. Life Ins. Co., supra; Aguilar v United States Life Ins. Co. in City of N.Y., supra*). In opposition, the plaintiff did not raise a triable issue of fact. The Supreme Court therefore properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiff's remaining contentions either are without merit or improperly raised for the first time on appeal. Goldstein, J.P., Rivera, Spolzino and Skelos, JJ., concur.