■ BLEECKER STREET HEALTH & BEAUTY AIDS, INC., Appellant, v GRANITE STATE INSURANCE COMPANY et al., Respondents. STEVEN PRINCIPE, Doing Business as PRINCIPE AGENCY, Third-Party Plaintiff-Respondent, v STERLING & STERLING, INC. OF WOODBURY N.Y., Third-Party Defendant-Appellant, et al., Third-Party Defendants. [834 NYS2d 1]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 17, 2006, which granted defendant Granite State's motion for summary judgment dismissing the complaint

as against it, denied plaintiff's cross motion for summary judgment and declared that the policy does not cover the claimed loss, and which, in the third-party action by broker Principe Agency against wholesale broker Sterling & Sterling, denied Sterling's motion for summary judgment dismissing the third-party causes of action for negligence and breach of contract, unanimously modified, on the law, Sterling's motion granted, said third-party claims dismissed, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 13, 2006, unanimously dismissed as academic, without costs.

In this action by a proposed insured against its insurer for breach of contract in disclaiming coverage for a loss resulting from a fire that began in an upstairs restaurant, plaintiff misrepresented on its application that there was no such establishment in the building utilizing a deep fryer. The insurer demonstrated that this misrepresentation was material by submitting an appropriate affidavit from its underwriter, along with a description of its computer system's handling of applications and excerpts from its underwriting guidelines (see *Chester v Mutual Life Ins. Co. of N.Y.*, 290 AD2d 317 [2002]). Although the guidelines stated only that the type of hazard at issue is "to be considered" rather than coverage being denied in such instance, and the insurer's computer logic system would not have automatically denied the application but would merely have triggered review by an underwriter (cf. *Iacovangelo v Allstate Life Ins. Co. of N.Y.*, 300 AD2d 1132, 1133 [2002]), the underwriter herself averred—not as a mere conclusion, but as an invariable fact based upon her experience (cf. *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 755 [1999]; *Alaz Sportswear v Public Serv. Mut. Ins. Co.*, 195 AD2d 357, 358 [1993])—that the insurer's internal unit considering the matter "always" denied an application if there was a deep fryer or restaurant above the premises of the proposed insured. While an answer to an ambiguous question on an insurance application cannot be the basis for a claim of misrepresentation (see *Garcia v American Gen. Life Ins. Co. of N.Y.*, 264 AD2d 808, 809 [1999]), we find that the instant application was not ambiguous. Moreover, as the motion court aptly discerned, if plaintiff's president, when he signed the application, saw only the signature page, as he testified, he could not have been misled by any unclear language.

Although the motion court initially dismissed third-party plaintiff Principe's claim for indemnification, it should have recognized that the negligence and breach of contract causes of

action were only couched as such, and were actually for contribution and indemnification. Principe, as the agent having direct contact with the insured, should have reviewed the application for accuracy or provided the insured with the opportunity to do so before submitting it to the insurer, and thus failed to exercise due care in the transaction (*see Utica First Ins. Co. v Floyd Holding*, 5 AD3d 762, 763 [2004]). Since its liability toward the insured is predicated on its own fault, Principe cannot seek common-law indemnification from Sterling (*Mathis v Central Park Conservancy*, 251 AD2d 171, 172 [1998]). Nor may it seek contribution, which is not available for economic loss resulting exclusively from breach of contract (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21 [1987]; *Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 897 [2003], *lv denied* 1 NY3d 504 [2003]). Contrary to Principe's contention, this purely legal argument may be raised for the first time at this juncture (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]).

In view of the foregoing, it is unnecessary to address Sterling's contentions regarding proximate causation. Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.