*413 Orders, Supreme Court, New York County (Marcy S. Friedman, J.), entered February 13, 2009 and March 12, 2009, respectively, which, to the extent appealed from, denied wholesale insurance broker defendant Program Brokerage Corp.’s motion for summary judgment dismissing retail broker defendant Amerisc Corp. Insurance and Financial Services’ cross claim against it for contribution arising out of Program’s and Amerisc’s alleged failure to give notice of the underlying personal injury and wrongful death actions to plaintiff Abetta Boiler & Welding Service, Inc.’s excess insurance carrier, defendant American International Specialty Lines Insurance Company (AISLIC), denied Amerisc’s motion for summary judgment dismissing Abetta’s complaint and Program’s cross claim for contribution against it, and granted Program’s motion for summary judgment dismissing Amerisc’s cross claim against it for indemnification, unanimously modified, on the law, Program’s motion for summary judgment dismissing Amerisc’s cross claim against it for contribution granted and Program’s cross claim against Amerisc dismissed in its entirety as moot, and otherwise affirmed, with costs to Abetta and Program. The clerk is directed to enter judgment in favor of Program dismissing the complaint and all cross claims as against it. Appeal from order, same court and Justice, entered June 4, 2009, which denied Program’s motion for reargument and renewal, unanimously dismissed, without costs, as taken from a nonappealable paper.
The evidence that as a matter of routine Abetta referred all questions regarding its insurance claims to Amerisc and Amerisc handled all Abetta’s insurance needs, including referring its claims to insurers, establishes a special relationship between the two that imposed upon Amerisc a duty to Abetta to exercise a reasonable degree of care in notifying the appropriate primary or excess insurer of any claim reported to it by Abetta (see Murphy v Kuhn, 90 NY2d 266 [1997]; Martini v Lafayette Studio Corp., 273 AD2d 112 [2000]; Stevens v Mickey-Finn & Co., 261 AD2d 300 [1999]). The evidence further establishes that, although Amerisc forwarded to Program, the wholesale broker, the information in its possession concerning the personal injury claim, it failed to follow up either with Program or with AISLIC, the excess insurer, to ascertain that AISLIC actually received notice of the claim and the action, as required by the policy to invoke coverage. Amerisc thereby breached its duty to Abetta, and its attempt to shift the blame onto Program on the ground that ultimately it was Program that failed to pass the claim on to the insurer is unavailing. As a matter of law, Amerisc is liable to Abetta for any amount above the limits of the primary policy *414 that Abetta may be required to pay to the personal injury plaintiffs up to the limits of the excess coverage.
The record does not permit a determination as a matter of law that Amerisc is liable to Abetta for its failure to give AISLIC notice of the wrongful death action. The AISLIC policy required timely notice to the insurer of occurrences, claims, and lawsuits to trigger coverage. Amerisc provided Program with all the information in its possession concerning the wrongful death claim. However, it never received notice of the action from Abetta or any other source. The issue of fact presented by the record is whether, in addition to the duty to transmit all the information in its possession concerning Abetta’s claims, Amerisc had a duty to monitor Abetta’s pending claims to ascertain whether they had given rise to lawsuits to be reported to the insurer.
Program was properly granted summary judgment dismissing Amerisc’s cross claim against it for indemnification, since the determination that Amerisc is liable to Abetta for its own negligence precludes Amerisc from seeking indemnification for such liability (see Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co., 38 AD3d 231, 233 [2007]). However, Amerisc’s claim against Program for contribution also should have been dismissed because it seeks recovery for economic loss resulting exclusively from breach of contract (CPLR 1401; see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21 [1987]; Bleecker St. Health & Beauty Aids, 38 AD3d at 233). Since Abetta has not appealed the granting of Program’s motion for summary judgment dismissing the complaint as against it, our modification to dismiss Amerisc’s cross claim against Program in its entirety terminates Program’s involvement in this action and renders moot Program’s cross claim against Amerisc and Amerisc’s appeal from the denial of its motion for summary judgment dismissing that cross claim.
Although the foregoing renders the matter academic, Program concedes that its motion for renewal was in fact a nonappealable motion for reargument (see Parker v Marglin, 56 AD3d 374, 374-375 [2008]). Concur—Gonzalez, P.J., Friedman, DeGrasse, Manzanet-Daniels and Román, JJ. [Prior Case History: 2009 NY Slip Op 30283(U).]