■ Asantewa James, Appellant, v Tower Insurance Company of New York et al., Respondents, et al., Defendant. (And a Third-Party Action.) [977 NYS2d 345]—

In an action, inter alia, to recover the proceeds of a homeowners' insurance policy, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Saitta, J.), dated November 10, 2011, which granted the motion of the defendants Tower Insurance Company of New York, Tower Group of Companies, also known as Tower Group, Inc., and Castle Point Insurance Company for summary judgment dismissing the complaint

insofar as asserted against them, and (2) an order of the same court, dated March 27, 2011, which granted the motion of the defendant Cambridge & Leach, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied her cross motion for summary judgment on the complaint.

Ordered that the orders are affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *see* Insurance Law § 3105 [b]). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application" (*Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 994 [2011] [internal quotation marks omitted]; *see Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 855).

Here, the defendants Tower Insurance Company of New York, Tower Group of Companies, also known as Tower Group, Inc., and Castle Point Insurance Company (hereinafter the insurers) demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence establishing that the plaintiff made a misrepresentation that was material as a matter of law. They submitted, inter alia, an affidavit from their underwriting manager and relevant portions of their underwriting manual which showed that they would not have issued the same policy if the application had disclosed that the subject premises would not be owner occupied (*see Interboro Ins. Co. v Fatmir*, 89 AD3d at 993-994; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 855; *Roudneva v Bankers Life Ins. Co. of N.Y.*, 35 AD3d 580, 581 [2006]; *Gorra v New York Life Ins. Co.*, 276 AD2d 469, 470 [2000]; *cf. Schirmer v Penkert*, 41 AD3d 688, 690-691 [2007]; *Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540 [2005]). Likewise, the defendant Cambridge & Leach, Inc. (hereinafter Cambridge), the insurance broker for the subject policy, established its prima facie entitlement to judgment as a matter of law. In opposition to the motions, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the sepa-

rate motions of the insurers and Cambridge for summary judgment dismissing the complaint insofar as asserted against each of them, and, for the same reasons, properly denied the plaintiff's cross motion for summary judgment on the complaint. Dillon, J.P., Sgroi, Cohen and Miller, JJ., concur.