■ 128 HESTER LLC, Respondent, v NEW YORK MARINE AND GENERAL INSURANCE COMPANY, Respondent-Appellant/Third-Party Plaintiff-Appellant, and TOWER INSURANCE COMPANY OF NEW YORK, Appellant-Respondent/Third-Party Defendant-Appellant, et al., Defendants, et al., Third-Party Defendant/Third-Party Plaintiff, et al., Third-Party Defendant. [5 NYS3d 69]—

Order, Supreme Court, New York County (George J. Silver, J.), entered May 21, 2014, which denied defendant insurers' motions for summary judgment dismissing the complaint, unanimously modified, on the law, to grant defendant Tower Insurance Company of New York summary judgment dismissing the complaint, the third-party complaint and all cross claims as against it, and otherwise affirmed, without costs.

Even if issues of fact exist as to whether the subject loss occurred during the Tower policy period, a material misrepresentation made at the time an insurance policy is being procured may lead to a policy being rescinded and/or avoided (*see Kiss Constr. NY, Inc. v Rutgers Cas. Ins. Co.*, 61 AD3d 412 [1st Dept 2009]; Insurance Law § 3105). Even innocent misrepresentations are sufficient to allow an insurer to "avoid the contract of insurance or defeat recovery thereunder" (*Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216-217 [1976], *affd* 42 NY2d 928 [1977]; *East 115th St. Realty Corp. v Focus & Struga Bldg. Devs. LLC*, 27 Misc 3d 1206[A], 2010 NY Slip Op 50572[U] [Sup Ct, NY County 2010], *affd* 85 AD3d 511 [1st Dept 2011]), and where, such as here, an affidavit from Tower's underwriter and excerpts from its underwriting guidelines establish that the insurer would not have issued the policy if it had known the true nature of the risk, a material misrepresentation warranting policy rescission can be determined as a matter of law (*see Chester v Mutual Life Ins. Co. of N.Y.*, 290 AD2d 317, 317 [1st Dept 2002]).

On May 27, 2009, the New York City Department of Buildings (DOB) engineer observed the "unsafe/collapse prone" condition of the subject premises, and on June 2, 2009, the DOB issued its first Emergency Declaration in regard to that inspection. Plaintiff nonetheless submitted an insurance application to Tower that failed to mention this loss on June 17, 2009, and then remained silent until the Tower policy was is-

sued on July 12, 2009. At a minimum, plaintiff was aware of this damage no later than July 2, 2009, when it submitted the property loss notice to New York Marine (its former insurer). Tower's insurance application unequivocally asked for loss history; thus, plaintiff was under a duty to notify Tower as to this loss (*Millar v New Amsterdam Cas. Co.*, 248 App Div 272, 277 [4th Dept 1936]), and it failed to do so.

Summary judgment was properly denied as to New York Marine, as the affidavit of its own expert attested to the fact that additional information must be obtained through discovery to determine the exact time at which the loss occurred. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.