■ Great American Insurance Company of New York, Appellant, v L. Knife & Son, Inc., et al., Respondents. [29 NYS3d 353]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 20, 2015, which denied plaintiff's motion for summary judgment declaring the insurance policy it issued to defendants void ab initio and dismissing defendants' counterclaims, unanimously affirmed, with costs.

Plaintiff seeks to void ab initio the insurance policy it issued to defendants on the ground that defendants misrepresented the total insurable value (TIV) of the insured premises and its contents. The motion court correctly denied plaintiff's motion, since plaintiff failed to establish as a matter of law that defendants made any misrepresentation (*see generally 128 Hester LLC v New York Mar. & Gen. Ins. Co.*, 126 AD3d 447, 447 [1st Dept 2015]). Although plaintiff's quotation for the policy contains the statement that it was basing the premium on the "$7 million TIV," defendants' broker did not provide any information on the insurance application regarding the TIV of the premises' contents. The broker submitted an affidavit stating that she recalled plaintiff's wholesale insurance broker asking her only to provide the amount of coverage desired and that "is precisely what [she] provided." Although the wholesale broker later sent plaintiff an email indicating the "contents value," an issue of fact exists as to whether the broker was acting on defendants' behalf. After plaintiff issued the policy, its own investigation of the property, which could have uncovered the TIV of the property and its contents, resulted in no underwriting activity, and other internal insurance company documents suggest that the decision to issue the policy and the premium charged were not tethered to the TIV.

There are also factual issues surrounding whether any purported misrepresentation would have been "material" such that it would have the effect of voiding the policy, which is "ordinarily a question of fact" (*Matter of Union Indem. Ins. Co. of N.Y.*, 200 AD2d 99, 107 [1st Dept 1994], *affd* 89 NY2d 94 [1996]). We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.