Great Am. Ins. Co. of N.Y. v L. Knife & Son, Inc (2018 NY Slip Op 07672)





Great Am. Ins. Co. of N.Y. v L. Knife & Son, Inc


2018 NY Slip Op 07672


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7596N 157164/13

[*1] Great American Insurance Company of New York, Plaintiff-Appellant,
v
L. Knife & Son, Inc, et al., Defendants-Respondents-Appellants.
L. Knife & Son, Inc, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
TGA Cross Insurance, Inc., Third-Party Defendant-Respondent. 
[And a Second Third-Party Action]


Mound Cotton Wollan & Greengrass LLP, New York (Kevin F. Buckley of counsel), for appellant.
Phillips Nizer LLP, New York (Lauren J. Wachtler of counsel), for L. Knife & Son, Inc, and U.B. Distributors, LLC, respondents-appellants.
Cullen and Dykman LLP, Garden City (Douglas J. Bohn of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 11, 2017, which, inter alia, denied the parties' respective motions for summary judgment except to the extent of dismissing plaintiff's fourth cause of action, unanimously affirmed, with costs.
Discovery has not resolved the questions of fact outlined by this Court in a prior decision in this insurance coverage dispute (138 AD3d 531 [1st Dept 2016]). Rather, the record presents triable issues with respect to whether defendants or their broker made any misrepresentation about the total insurable value of the property and the value of the contents of the property, whether plaintiff's decision to issue the policy and the premium charged relied on that alleged misrepresentation, and whether the wholesale broker was acting on behalf of plaintiff or defendants (see id.).
The court properly dismissed plaintiff's fourth cause of action alleging that defendants' confirmation of total insurable value was a condition precedent to the insurance contract. Had [*2]plaintiff intended to make total insurable value a condition precedent to contract, it should have been expressly stated (see generally Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 691 [1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK