Neiditch v William Penn Life Ins. Co. of N.Y. (2019 NY Slip Op 08198)





Neiditch v William Penn Life Ins. Co. of N.Y.


2019 NY Slip Op 08198


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-04758
2019-11969
 (Index No. 600332/14)

[*1]Cynthia Neiditch, appellant, 
v
William Penn Life Insurance Company of New York, respondent.


Weg and Myers, P.C., New York, NY (Dennis T. D'Antonio and Joshua L. Mallin of counsel), for appellant.
Bleakly Platt & Schmidt, LLP, White Plains, NY (Robert D. Meade of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of a life insurance policy, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered November 29, 2016, and (2) a judgment of the same court entered March 1, 2017. The order, insofar as appealed from, granted the defendant's cross motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff was the named beneficiary of a life insurance policy in the amount of $1 million (hereinafter the subject policy), procured by the decedent. The subject policy was issued on June 8, 2012, and the decedent died on November 23, 2012, after suffering an anaphylactic reaction to a food allergen. The plaintiff, as beneficiary, sought to recover the proceeds of the subject policy, which the defendant denied "because [the decedent's] application for this policy contain[ed] [a] material misrepresentation."
The plaintiff moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. In an order entered November 29, 2016, the Supreme Court denied the plaintiff's motion and granted the defendant's [*2]cross motion. A judgment in favor of the defendant dismissing the complaint was entered March 1, 2017. The plaintiff appeals, arguing that the court should have denied the defendant's cross motion for summary judgment dismissing the complaint. We affirm.
" [T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation'" (Smith v Guardian Life Ins. Co. of Am., 116 AD3d 1031, 1031, quoting Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714; see Joseph v Interboro Ins. Co., 144 AD3d 1105, 1106; Morales v Castlepoint Ins. Co., 125 AD3d 947, 947-948; Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d 855, 856). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practice, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application" (Roudneva v Bankers Life Ins. Co. of N.Y., 35 AD3d 580, 581; see Joseph v Interboro Ins. Co., 144 AD3d at 1106; Morales v Castlepoint Ins. Co., 125 AD3d at 948; Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d at 856). " Ordinarily, the question of materiality of misrepresentation is a question of fact for the jury. However, where the evidence concerning the materiality is clear and substantially uncontradicted, the matter is one of law for the court to determine'" (Dwyer v First Unum Life Ins. Co., 41 AD3d 115, 116, quoting Process Plants Corp. v Beneficial Natl. Life Ins. Co., 53 AD2d 214, 216, affd 42 NY2d 928; see Carpinone v Mutual of Omaha Ins. Co., 265 AD2d 752, 754).
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law. The defendant established that the decedent made a misrepresentation in the application for the subject policy that was material by submitting affidavits of its medical director and a senior underwriting consultant, as well as relevant portions of its underwriting manual, which showed that the decedent did not disclose the correct information pertaining to the decedent's prior hospitalizations for anaphylactic reactions, and that the defendant would not have issued the same policy, had the correct information been disclosed (see Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d at 856; Roudneva v Bankers Life Ins. Co. of N.Y., 35 AD3d at 581; Gorra v New York Life Ins. Co., 276 AD2d 469, 470; Gugleotti v Lincoln Sec. Life Ins. Co., 234 AD2d 514, 514). In opposition, the plaintiff failed to raise a triable issue of fact (see Varshavskaya v Metropolitan Life Ins. Co., 68 AD3d at 856; Roudneva v Bankers Life Ins. Co. of N.Y., 35 AD3d at 581). That the decedent was issued a policy at a premium rate despite the disclosure of one previous hospitalization does not negate the decedent's misrepresentations, nor does it change their materiality (see Cherkes v Postal Life Ins. Co., 285 App Div 514, 516, affd 309 NY 964).
Accordingly, the judgment should be affirmed.
DILLON, J.P., COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court