Starr Indem. & Liab. Co. v Monte Carlo, LLC (2021 NY Slip Op 00044)





Starr Indem. & Liab. Co. v Monte Carlo, LLC


2021 NY Slip Op 00044


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Webber, J.P., Singh, Kennedy, Shulman, JJ. 


Index No. 651045/13 Appeal No. 12781 Case No. 2019-03969 

[*1]Starr Indemnity & Liability Company, Plaintiff-Respondent-Appellant,
v
Monte Carlo, LLC, et al., Defendants-Appellants-Respondents, Great American Insurance Company, Defendant.


Farrell Fritz, P.C., Uniondale (Franklin C. McRoberts of counsel), for appellants-respondents.
Kerley Walsh Matera & Cinquemani, P.C., Seaford (Lauren Bristol of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 4, 2019, which denied plaintiff's motion for summary judgment and defendants-respondents' cross motion for summary judgment dismissing the complaint and on its first two counterclaims, unanimously modified, on the law, defendants-respondents' cross motion granted and it is declared that the subject insurance policy remains in full force and effect and plaintiff must indemnify defendants-respondents for losses at 599 and 621 Front Street, Hempstead, New York, arising as a result of Hurricane Sandy on October 29, 2012 and for losses arising at 9-17 St. Paul's Road, North, Hempstead, New York, arising as a result of a fire on February 9, 2013, and otherwise affirmed, without costs. The Clerk is directed to enter judgment so declaring.
A misrepresentation in an insurance application is material, voiding the policy ab initio, if, had the true facts been known, either the insurer would not have issued the policy or would have charged a higher premium (Interested Underwriters at Lloyd's v H.D.I. III Assoc., 213 AD2d 246, 247 [1st Dept 1995]). Even an innocent misrepresentation is sufficient to void the policy (see 128 Hester LLC v New York Mar. & Gen. Ins. Co., 126 AD3d 447 [1st Dept 2015]; Feldman v Feldman, 241 AD2d 433, 434 [1st Dept 1997])). However, "an answer to an ambiguous question on an insurance application cannot be the basis for a claim of misrepresentation" in procuring insurance (Bleecker St. Health & Beauty Aids, Inc. v Granite State Ins. Co., 38 AD3d 231, 232 [1st Dept 2007]).
Here, on defendants-respondents' insurance application submitted to plaintiff, Question 9, which asked "Any uncorrected code violations?" is ambiguous. While the plain language asks whether there are "any uncorrected fire code violations" and not uncorrected fire code notices of violation, different witnesses provided five different understandings as to what the question was asking. In any event, this Court has used the term "violation" to mean the issuance of a citation (Shannon v New York Times Bldg., LLC, 170 AD3d 600, 601 [1st Dept 2019] ["the City of New York had issued a violation relating to the elevator"]). Indeed, the question is not even posed as a complete sentence but a sentence fragment lacking a verb, which could have clarified the question.
Accordingly, defendants are entitled to summary judgment on their first two counterclaims (Bleecker St., 38 AD3d at 232 Fanger v Manhattan Life Ins. Co. of N.Y., N.Y., 273 AD2d 438, 439 [2d Dept 2000], lv dismissed 96 NY2d 754 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021