Han v Brighthouse Life Ins. Co. of NY (2021 NY Slip Op 01325)





Han v Brighthouse Life Ins. Co. of NY


2021 NY Slip Op 01325


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 651238/15 Appeal No. 13264N Case No. 2020-02495 

[*1]Ashley Han, as Administratrix of the Estate of Ki Suck Han, et al., Plaintiffs-Appellants,
v
Brighthouse Life Insurance Company of NY, Defendant-Respondent.


Alexander J. Wulwick, New York, for appellants.
d'Arcambal Ousley & Cuyler Burk LLP, New York (Deirdre A. Connolly of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 10, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for leave to renew defendant's motion for summary judgment, unanimously reversed, on the law, with costs, the motion granted, and upon renewal, defendant's motion for summary judgment denied.
In early January 2011, the decedent applied for a MetLife term life insurance policy, stating that his "Earned Annual Income" was $50,000. At that time, he was working as a probationary trainee nail artist at Tiffany's Nails, a nail studio in Manhattan. The decedent left his employment before the probationary period ended. He died while his policy was contestable (see Insurance Law § 3203[a][3]). MetLife rescinded the policy on the ground that the decedent had made a material misrepresentation as to his earned annual income on his application. Plaintiffs brought this breach of contract action, and defendant moved for summary judgment before the close of discovery. While defendant's fully submitted motion was pending, three depositions were held — an underwriting controls representative, a senior technical advisor, and the insurance agent who sold the policy to the decedent. The motion court granted defendant's motion for summary judgment and later denied plaintiffs' motion for leave to renew defendant's motion based on these subsequently held depositions.
The motion court should have granted plaintiffs leave to renew in order to submit these deposition transcripts (see CPLR 2221[e]). Although the term "earned annual income" in the application submitted by the decedent was unambiguous and meant actual earned income, including salary, wages, and tips, and not potential income, the new evidence by way of the deposition transcripts raises a factual issue as to whether the decedent's response to this question amounted to a material misrepresentation sufficient to void the policy (see Great Am. Ins. Co. of N.Y. v L. Knife & Son, Inc., 138 AD3d 531 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021