■ RIVER HOUSE REALTY Co., INC. Plaintiff, v LICO CONTRACTING, INC., et al., Defendants. (Action No. 1.) MASSACHUSETTS BAY INSURANCE COMPANY, as Subrogee of ADVERTISING TO WOMEN INC., Appellant, v ELLA CISNEROS, Respondent, et al., Defendants. (And Two Third-Party Actions.) (Action No. 3.)

(Appeal No. 42220.) RIVER HOUSE REALTY CO., INC., Plaintiff, v LICO CONTRACTING, INC., et al., Defendants. (Action No. 1.) JOHN J. FARBER et al., Plaintiffs, and JOHN L. ERNEST et al., Appellants, v RIVER HOUSE REALTY CO., INC., et al., Defendants, and OSWALD CISNEROS et al., Respondents. (And Two Third-Party Actions.) (Action No. 4.) (Appeal No. 42221.) (And Ten Other Actions.)—Order, Supreme Court, New York County (Burton Sherman, J.), entered on or about October 23, 1989, which denied a motion pursuant to CPLR 3212 for partial summary judgment on the issue of liability in favor of John L. Ernst and Lois Geraci Ernst, plaintiffs-appellants in Action No. 4 and against defendant-respondent Ella Cisneros, unanimously affirmed, without costs.

Order of the same court entered on November 22, 1989, which, *inter alia,* denied a motion by defendant River House and a cross-motion by plaintiff-appellant Massachusetts Bay Insurance Company as subrogee of Advertising to Women Inc., pursuant to CPLR 3212 (e), for partial summary judgment against defendant-respondent Ella Cisneros, unanimously affirmed, without costs.

These actions arise from a fire in a co-operative apartment building. The IAS court properly decided issues of fact as to the cause of fire. Allegations by Mrs. Cisneros, in whose apartment the fire began, that contractors employed by her to perform renovating caused the fire, did not warrant summary judgment. These allegations are, at most, informal judicial admissions, which are not conclusive (Richardson, Evidence § 217 [Prince 10th ed]), as are the allegations in a related federal action, brought against the contractor *(Pitt v Brough,* 132 AD2d 836, 837). The allegations in the third-party complaint, which consist mostly of allegations of legal conclusion, are permissible inconsistent pleadings of a cause of action or defense (CPLR 3014).

Respondent's application to strike the brief filed by River House Realty Co., Inc. and Brown Harris Stevens is denied. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.