■ RUESCH INTERNATIONAL, INC., Appellant, v MARTIN MAC-CORMACK, Respondent. [635 NYS2d 226] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about May 22, 1995, which denied plaintiff's motion to preliminarily enjoin defendant, its former employee, from utilizing allegedly confidential client information, unanimously affirmed, without costs.

The customer information that defendant took with him when he left plaintiff's employ but then returned when accused by plaintiff of illegal removal appears to be readily ascertainable from publicly available services and otherwise unqualified for trade secret protection (*see, U. S. Reins. Corp. v Humphreys*, 205 AD2d 187, 191-192; *compare, Leo Silfen, Inc. v Cream*, 29 NY2d 387, 393, *with Business Intelligence Servs. v Hudson*, 580 F Supp 1068, 1072). Accordingly, injunctive relief restraining defendant's use of that information is not available (*see, American Broadcasting Cos. v Wolf*, 52 NY2d 394, 403-404), unless his physical taking of the materials containing the information can be said to have been "an egregious breach of trust and confidence" while still in plaintiff's employ (*Leo Silfen, Inc. v Cream, supra*, at 392). At this juncture, such cannot be said (*compare, Bruno Co. v Friedberg*, 21 AD2d 336). We have considered plaintiff's other arguments and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross, Williams and Tom, JJ.

■ GILBERT STOLLER et al., Respondents, v RIVERBAY CORPORATION, Appellant. [635 NYS2d 603] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 13, 1995, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Upon commencement of snow removal operations, defendant was required to exercise reasonable care to avoid creating or increasing any hazards (*see, Glick v City of New York*, 139 AD2d 402, 403). The record indicates that the snow removal crew cleared the circular driveway near the shopping center, but not the adjacent area covering the parking spaces and the sidewalk. Although plaintiff apparently slipped and fell on a spot that defendant had not attempted to clear, a jury question exists (*Ferguson v City of New York*, 201 AD2d 422, 424) as to whether defendant's snow removal operations, in effect, unreasonably "invited" plaintiff into an only partially cleared parking area. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Tom, JJ.