■ Johnny Mathis et al., Plaintiffs, v Central Park Conservancy, Inc., et al., Defendants. (And a Third-Party Action.) Central Park Conservancy, Second Third-Party Plaintiff-Respondent, v Heil Company, Second Third-Party Defendant-Appellant, et al., Second Third-Party Defendants. [674 NYS2d 336] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about December 23, 1997, which denied the motion of second third-party defendant The Heil Company (Heil) for summary judgment dismissing the second third-party complaint as against it, unanimously modified, on the law, to grant the motion solely to the extent of dismissing the second third-party complaint's claim for idemnification against Heil, and otherwise affirmed, without costs.

Plaintiffs' action against defendant and second third-party plaintiff Central Park Conservancy, Inc. (Conservancy) is based on the contention that Conservancy succeeded to the liabilities of the now inactive Central Park Community Fund (Fund), which purchased and provided specifications for the vehicle involved in the accident and donated it to the City of New York, plaintiffs' employer. Contrary to the arguments of second third-party defendant Heil, Conservancy's denials in its answer and other papers that it has succeeded to Fund's liabilities do

not constitute admissions requiring the dismissal of the inconsistent second third-party complaint (*see*, CPLR 3014; *River House Realty Co. v Lico Contr.*, 172 AD2d 426, 427; *Collins v Caldor of Kingston*, 73 AD2d 708, 709; Prince, Richardson on Evidence § 8-215, at 525 [Farrell 11th ed]). Nor has Heil demonstrated that any specific facts admitted in affirmations or affidavits submitted by Conservancy establish, as a matter of law, that Conservancy is not subject to liability for Fund's torts.

As the party moving for summary judgment, it was Heil's burden to come forward with evidence ruling out the possibility that Heil bore responsibility for the causation of the accident. Because Heil failed to meet this burden, the court properly denied Heil's motion, regardless of the quality of the opposition to its motion (*see*, *Ayotte v Gervasio*, 81 NY2d 1062, 1063). Contrary to Heil's argument, the Fund's provision of specifications for the vehicle's assembly would not exonerate the manufacturers of the vehicle of liability for damages resulting from defects arising from such specifications. The cases cited by Heil deal with construction contractors following plans and designs furnished by the owner, and have no application to product manufacturers.

Although Heil's papers failed to negate the existence of any issue of fact as to its possible liability for contribution, Conservancy, which is being sued (as the alleged successor to Fund's liabilities) for Fund's own alleged negligence, is not entitled to indemnification from Heil. A party sued solely for its own alleged wrongdoing, rather than on a theory of vicarious liability, cannot assert a claim for common law indemnification (*see*, *Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.*, 109 AD2d 449, 453-454). Accordingly, we modify the IAS Court's order to grant the motion to the extent of dismissing the second third-party complaint's claim for indemnification against Heil. Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.