■ Westcom Corporation, Respondent, v Dedicated Private Connections, LLC, et al., Appellants. [781 NYS2d 322]—

Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered May 27, 2003, which, after a nonjury trial, directed the corporate defendant to, inter alia, discontinue its business, adjudged defendant Feldman in breach of her fiduciary duty and awarded plaintiff $68,814.15 as a result of said breach, enjoined defendants Feldman, Lopez and Isaac from working for a competitor of plaintiff for 18 months, similarly enjoined defendant Palmieri for 12 months, and referred the amount of plaintiff's attorneys' fees for a hearing, unanimously affirmed, with one bill of costs in favor of plaintiff, payable by defendants-appellants.

The trial court's determinations that defendants' services to plaintiff while in plaintiff's employ were of a special character and that information appropriated by defendants was confidential were based on a fair interpretation of the evidence (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]), which included not only testimony supportive of the court's findings but the stipulations in the governing agreements in which defendants acknowledged the special nature of their services and the confidentiality of the information at issue. The restrictions, which have already terminated as to two of the defendants, were reasonable under the circumstances (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]); they were reasonably designed for plaintiff's protection in light of defendants' establishment of a competing business, and the evidence of their egregious breach of trust and confidence in physically taking plaintiff's materials (*cf. Ruesch Intl. v MacCormack*, 222 AD2d 343 [1995]). Feldman's disgorgement of compensation was appropriate in view of her incorporation and financing of, and acquisition of equipment for, a business to compete with that of plaintiff while still in plaintiff's employ (*see CBS Corp. v Dumsday*, 268 AD2d 350, 353 [2000]; *Bon Temps Agency, Ltd. v Greenfield*, 212 AD2d 427, 428 [1995]).

In light of the contractual provision specifically providing for the award of counsel fees, the trial court's reference for a hearing on that issue was appropriate.

We have considered defendants' remaining contentions and find them unavailing.

The decision and order of this Court entered herein on March 2, 2004 (5 AD3d 120) is hereby recalled and vacated. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.