■ HEALTHWORLD CORPORATION, Respondent, v LISA GOTTLIEB et al., Appellants. [786 NYS2d 8]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), both entered April 15, 2004, which (a) granted plaintiff's motion for an order preliminarily enjoining defendants Lisa Gottlieb and Scientiae LLC from soliciting and/or accepting business from certain of plaintiff's clients or former clients, subject to plaintiff's submission of an undertaking, and (b) upon submission of the undertaking, enjoined those defendants from performing those acts, unanimously modified, on the law, to limit the preliminary injunction to any clients of Healthworld

with whom defendant Lisa Gottlieb had contact while employed at Healthworld, including but not limited to Allergan Inc. and Kos Pharmaceuticals Inc., during the one-year period immediately preceding December 19, 2003, and otherwise affirmed, without costs. Order, same court and Justice, entered June 24, 2004, insofar as it denied defendants' motion for renewal of plaintiff's motion for a preliminary injunction, unanimously affirmed, and the appeal from said order otherwise dismissed, all without costs.

The court's finding that the restrictions of the noncompetitive Covenant Agreement were reasonable and necessary to protect plaintiff was not an improvident exercise of discretion (*see Doe v Dinkins*, 192 AD2d 270 [1993]), especially in light of defendant Gottlieb's incorporation and financing of, and acquisition of an office for, a business to compete with that of plaintiff while still in plaintiff's employ (*see Westcom Corp. v Dedicated Private Connections, LLC*, 9 AD3d 331 [2004]). However, insofar as the preliminary injunction imposed restrictions that were broader than those contained in the Covenant Agreement (*see Weinstein v Seaman*, 280 App Div 901 [1952]) and those permitted under the principles stated in *BDO Seidman v Hirshberg* (93 NY2d 382, 392 [1999]), we modify it to the extent indicated.

We dismiss the appeal from that part of the motion court's June 24, 2004 order denying reargument, since no appeal lies from the denial of reargument (*see Cross v Cross*, 112 AD2d 62, 64 [1985]), and dismiss as academic, in light of our disposition of the appeals from the prior orders, the appeal from that part of the same order denying, in part, defendants' motion insofar as it sought modification of the preliminary injunction. The remaining disposition in the June 24, 2004 order, denying renewal, was proper inasmuch as defendants, in support of renewal, failed to adduce new matter unavailable at the time of the original motion or an excuse for such failure (*see Chelsea Piers Mgt. v Forest Elec. Corp.*, 281 AD2d 252 [2001]). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.