■ ROBERT SANDS CASSIDY, Respondent-Appellant, v HIGHRISE HOISTING & SCAFFOLDING, INC., Defendant, and ROCKROSE GC MWA L.L.C. et al., Appellants-Respondents. [932 NYS2d 456]—

At the time of plaintiff's accident, Midtown West A.L.L.C. owned a building under construction, for which Rockrose GC MWA L.L.C. was the general contractor. Defendant Highrise Hoisting & Scaffolding, Inc. had installed a sidewalk bridge, hoistway and temporary loading dock. The temporary loading dock constructed by Highrise was a wooden platform measuring 20 feet by 40 feet and was, depending upon the witness, approximately 48 to 60 inches above the ground, about the height of a trailer truck. At the section of the loading dock where trucks load and unload, there was a removable horizontal pipe railing that was approximately eight feet long and two inches in diameter. The horizontal pipe railing was secured to vertical posts with clamps at each end, and tightened into place with a nut and bolt. In order to allow for a delivery, the horizontal pipe railing would be unbolted from the clamps and removed.

Plaintiff, a laborer employed by the nonparty concrete subcontractor, was waiting for the hoist to come to the loading dock level, when he leaned against the dock railing, which fell, causing him to fall as well. He suffered personal injuries to his neck and back.

The motion court properly granted plaintiff summary judgment on his Labor Law § 240 (1) claims. Plaintiff was performing work protected by Labor Law § 240 (1), his injuries were

gravity-related, and the elevated platform served as a device designed to protect a worker from gravity-related hazards (*see Brennan v RCP Assoc.*, 257 AD2d 389, 391 [1999], *lv dismissed* 93 NY2d 889 [1999]; *see also Cordeiro v TS Midtown Holdings, LLC*, 87 AD3d 904 [2011]). Since the safety rail which was intended to protect the plaintiff from falling off the elevated platform failed, the owner and the general contractor were in violation of section 240 (1).

However, defendants established that plaintiff could not recover under Labor Law § 241 (6). Since the temporary loading dock was a platform under Industrial Code (12 NYCRR) § 23-1.22 (c) (2), and not a scaffold, plaintiff failed to plead any applicable Industrial Code violations to support his claim (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-504 [1993]).

Plaintiff's common-law and Labor Law § 200 claims were also properly dismissed. There is no evidence that defendants were on notice that the rail, which had been detached for a delivery made within one half hour prior to plaintiff's fall, was improperly reattached. The affidavit of plaintiff's site safety expert failed to create questions of fact warranting denial of summary judgment. An expert's opinion should be disregarded where no authority, treatise, standard, building code, article or other corroborating evidence is cited to support the assertion concerning an alleged deviation from good and accepted industry custom and practice (*Buchholz v Trump 767 Fifth Ave., LLC*, 5 NY3d 1, 8-9 [2005]). "Before a claimed industry standard is accepted by a court as applicable to the facts of a case, the expert must do more than merely assert a personal belief that the claimed industry-wide standard existed at the time the design was put in place" (*Hotaling v City of New York*, 55 AD3d 396, 398 [2008], *affd* 12 NY3d 862 [2009]).

We decline to reach defendants' argument concerning Labor Law § 240 (3), raised for the first time in their appellate reply brief. Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ.