■ ANDREW BECK, III, Plaintiff, v STUDIO KENJI, LTD., et al., Defendants. ELLEN HONIGSTOCK, Third-Party Plaintiff-Respondent, v JOSEPH VANCE, AIA, et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [935 NYS2d 5]—

The motion court erred in concluding that questions of fact existed regarding whether Vance and third-party plaintiff Honigstock were in "the functional equivalent of privity." For a plaintiff to state a cause of action for negligent misrepresentation based on the existence of the functional equivalent of privity, three conditions must be satisfied: the defendant must have been aware that its representations were to be used for a particular purpose or purposes; the defendant must have intended that the other party rely on the representations for such purpose or purposes; and there must have been some conduct on the part of the defendant linking it to the other party which evinces

the defendant's understanding of that party's reliance (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536, 551 [1985]; *see also Ossining Union Free School Dist. v Anderson LaRocca Anderson*, 73 NY2d 417 [1989]).

Here, while the third-party complaint contained sufficient allegations that Vance, the architect for the condominium building, reviewed and approved plans submitted by Honigstock, the architect of record for the design and construction of plaintiff Beck's apartment, the third-party complaint failed to adequately allege either that Vance intended Honigstock to rely on Vance in determining whether the plans complied with building codes and other regulations, or that Vance engaged in conduct evincing such an understanding. Accordingly, Honigstock failed to state a claim based on the functional equivalent of privity.

The common-law indemnification claim fails, as Honigstock does not allege mere vicarious liability (*see Richards Plumbing & Heating Co., Inc. v Washington Group Intl., Inc.*, 59 AD3d 311, 312 [2009]). Nor is there a viable claim for contribution, since Honigstock seeks only economic losses (*see Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 323 [2009]; CPLR 1401). Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.