■ PAUL KLEINBERG et al., Plaintiffs, v 516 WEST 19TH LLC, and THE J CONSTRUCTION COMPANY, LLC, Appellant, et al., Defendants. (And a Third-Party Action.) THE J CONSTRUCTION COMPANY, LLC, Third-Party Plaintiff-Appellant-Respondent, v INTERSTATE INDUSTRIAL CORP. et al., Third-Party Defendants, DELTA TESTING LABORATORIES INC., Third-Party Defendant-Appellant, and JAM CONSULTANTS INC., Third-Party Defendant-Respondent. [994 NYS2d 575]—Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about January 27, 2012, which, to the extent appealed from as limited by the briefs, granted the cross motion of third-party defendant JAM Consult-

ants Inc. for summary judgment dismissing the third-party complaint of defendant/third-party plaintiff The J Construction Company, LLC (J Con) as against it, denied the cross motion of J Con to amend its pleadings against JAM, and denied the cross motion of third-party defendant Delta Testing Laboratories, Inc. to the extent it sought summary judgment dismissing J Con's claim for breach of contract against Delta, without limiting the measure of damages on that claim, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 4, 2014, which denied Delta's motion for reargument, unanimously dismissed, without costs, as nonappealable.

Given the lack of a contract between J Con and JAM, the court properly dismissed J Con's contractual claims. J Con's claim for contribution was also properly dismissed, since contribution is unavailable where, as here, the underlying contractual claims seek purely economic damages (*see* CPLR 1401; *Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 323 [1st Dept 2009]).

The court properly refused to permit J Con to amend its pleadings to assert claims of negligence and professional malpractice against JAM, in addition to its claim of breach of implied warranty, since the proposed third-party complaint fails to adequately allege facts upon which the functional equivalent of privity can be found (*see Beck v Studio Kenji, Ltd.*, 90 AD3d 462, 462-463 [1st Dept 2011]).

We decline to reach Delta's argument that the court failed to limit its damages to the cost of its contract, as it never raised the issue in its original motion (*see Cassidy v Highrise Hoisting & Scaffolding, Inc.*, 89 AD3d 510, 511 [1st Dept 2011]). Further, no appeal lies from the denial of Delta's motion to reargue (*see Healthworld Corp. v Gottlieb*, 12 AD3d 278, 279 [1st Dept 2004]).

We have considered the appealing parties' remaining contentions for affirmative relief and find them unavailing. Concur—Gonzalez, P.J., Saxe, DeGrasse, Richter and Clark, JJ. ■