■ TOV Manufacturing, Inc., Plaintiff, v Jaco Import Corporation et al., Defendants. Abraham Jacobovits, Third-Party Plaintiff-Respondent, v Shlomo Gross, Also Known as Samuel Gross, et al., Third-Party Defendants, and Universal Gemological Laboratory, Inc., Third-Party Defendant-Appellant. [998 NYS2d 352]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered August 6, 2013, which, insofar as appealed from, denied third-party defendant Universal Gemological Laboratory, Inc.'s (UGL) motion to dismiss the indemnification and General Business Law claims asserted against it in the amended third-party complaint, and granted third-party plaintiff Abraham Jacobovits's cross motion to file a second amended complaint asserting an aiding and abetting fraud claim as against UGL and proposed third-party defendants Robert Lejman (UGL's president) and Kate Wexler (UGL's former employee), unanimously modified, on the law, to the extent of granting UGL's motion to dismiss, and denying so much of Jacobovits's cross motion as sought to assert an aiding and abetting fraud claim as against Lejman, and otherwise affirmed, without costs.

Jacobovits failed to state a valid cause of action for indemnification against UGL, because his claim is predicated upon a finding that he failed to pay plaintiff TOV Manufacturing Inc. for a TOV diamond. "A party sued solely for its own alleged wrongdoing, rather than on a theory of vicarious liability, cannot assert a claim for common[-]law indemnification" (*Gap, Inc. v Fisher Dev., Inc.*, 27 AD3d 209, 212 [1st Dept 2006] [internal quotation marks omitted]).

Jacobovits's General Business Law claim, alleging that UGL's appraisal report for an "emerald" was misleading, deceptive or fraudulent, fails as a matter of law. Section 239-c of the General Business Law, upon which Jacobovits relies and which provides that a person or entity may bring a civil action for damages arising from a misleading, deceptive or fraudulent appraisal, does not apply to appraisals of emeralds or other loose precious stones. Indeed, section 239 defines "appraiser," as used in section 239-c, as a person or entity that "purports to ascertain and state the true value of property" (General Business Law § 239 [1]), and "property" is defined as, in pertinent part, "jewelry, watches, and objects made from or containing precious stones," including emeralds (§ 239 [2]). Accordingly, section 239-c applies to jewelry, watches or objects made from precious stones, but not to loose stones such as emeralds. "[L]egislative enactments in derogation of common law, and especially those creating liability where none previously existed, must be strictly construed" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008] [internal quotation marks omitted]).

The proposed second amended third-party complaint validly states a cause of action for aiding and abetting fraud against UGL. However, it fails to state a valid cause of action against Lejman, because there is no allegation that Lejman had any knowledge of the alleged fraud (*see National Westminster Bank v Weksel*, 124 AD2d 144, 147 [1st Dept 1987], *lv denied* 70 NY2d 604 [1987]).

We have considered UGL's remaining contentions for affirmative relief and find them unavailing. Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.