Sande v Trinity Ctr. LLC (2020 NY Slip Op 06469)





Sande v Trinity Ctr. LLC


2020 NY Slip Op 06469


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 150208/14 Appeal No. 12347 Case No. 2020-01709 

[*1]Thomas Sande et al., Plaintiffs-Appellants,
v
Trinity Centre LLC, et al., Defendants-Respondents.
Tricon Construction LLC, Third-Party Plaintiff-Respondent,
v
A.C. Electric of New York, Inc., Third-Party Defendant-Respondent.


Silberstein Awad & Miklos, P.C., Garden City (James Baker of counsel), for appellants.
Law Office of James Toomey, New York (Evy Kazansky of counsel), for Trinity Centre LLC, Tricon Construction LLC, and Jos A. Bank Clothiers, Inc., respondents.
Law Offices of Kevin P. Westerman, Elmsford (Nir M. Gadon of counsel), for A.C. Electric of New York Inc., respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered November 5, 2019, which denied plaintiffs' motion for partial summary judgment as to liability on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) §§ 23-1.7(e)(2) and 23-3.3(k) and the Labor Law § 200 and common-law negligence claims, unanimously modified, on the law, to grant plaintiffs' motion as to the Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.7(e)(2), and otherwise affirmed, without costs.
The court correctly denied plaintiffs' motion as to the Labor Law § 200 claim on the ground that plaintiffs failed to make a prima facie showing that defendants were on notice of the pile of debris that caused the injured plaintiff's accident (see Canning v Barneys N.Y., 289 AD2d 32 [1st Dept 2001]). Their expert, who was not a witness, could not speak to, and did not address, the issue of defendants' notice of the pile of debris, and his opinions in other respects were conclusory (see Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 511 [1st Dept 2011]).
The court correctly determined that 12 NYCRR 23-3.3(k), one of the predicates for the Labor Law § 241(6) claim, did not apply to this case, as there is no evidence that there was demolition in progress or that the pile of debris resulted from demolition, and the pile did not consist of "materials" being "stored."
However, plaintiffs are entitled to summary judgment on the Labor Law § 241(6) claim premised upon a violation of 12 NYCRR 23-1.7(e)(2). The fact that the injured plaintiff tripped not on the debris itself but on an electrical box concealed by the debris does not alter the fact that the debris was a cause of the accident (see Licata v AB Green Gansevoort, LLC, 158 AD3d 487 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020