63rd & 3rd NYC LLC v Advanced Contr. Solutions, LLC (2024 NY Slip Op 00120)

63rd & 3rd NYC LLC v Advanced Contr. Solutions, LLC

2024 NY Slip Op 00120

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 656164/19 Appeal No. 1387 Case No. 2022-02104 

[*1]63rd & 3rd NYC LLC, et al., Plaintiffs,
v
Advanced Contracting Solutions, LLC, et al., Defendants-Respondents.
Advanced Contracting Solutions, LLC, et al., Third-Party Plaintiffs-Respondents,
v
Domani Inspection Services, Inc., et al, Third-Party Defendants-Appellants.

Byrne & O'Neill, LLP, New York (John M. Rondello, Jr. of counsel), for Domani Inspection Services, Inc., appellant.
Marshall, Dennehey Warner Coleman & Goggin, P.C., New York (Ian J. Antonoff of counsel), for Pillori Associates, P.A., appellant.
Ahmuty, Demers & McManus, Albertson (Timothy J. Layer of counsel), for respondents.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered April 15, 2022, which, insofar as appealed from, denied third-party defendants' motions to dismiss the third-party claims seeking contribution and common-law indemnification against them, unanimously modified, on the law, to grant such motions to the extent of dismissing the common-law indemnification claim, and otherwise affirmed, without costs.
A claim for contribution is available under CPLR 1401 where "two or more persons . . . are subject to liability for damages for the same personal injury, injury to property or wrongful death" (CPLR 1401; see American Home Assur. Co. v Nausch, Hogan & Murray, Inc., 71 AD3d 550, 552 [1st Dept 2010]). Here, third-party defendants argue that third-party plaintiffs, who subcontracted with plaintiff construction manager to provide services such as excavation, underpinning, foundation work, and superstructure erection for plaintiff owner's construction project, have failed to state a claim for contribution where it is alleged that property damage to adjoining properties due to ground movement was within the contemplation of the subcontracting parties. Third-party defendants argue that the underlying claims by plaintiffs against third-party plaintiffs are contractually based, not tort based, insofar as they seek economic damages from third-party plaintiffs for their alleged failure to deliver on the benefit of the bargain in that they failed to competently and safely perform the excavation and underpinning work required under the subcontract agreement. However, plaintiffs' complaint also alleged that negligence by third-party defendants had proximately caused the property damages claimed, inasmuch as it was alleged third-party defendants failed to perform the excavation and underpinning work with the skill and competence of a professional in that field of work. Where it is alleged that a legal duty independent of the contract has been violated, a basis for contribution can exist (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]), provided that that the nature of the liability at issue was not contemplated by contracting parties in their agreement, including placement of the risk and attendant insurance-procurement obligations (see generally Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711 [2018]). Unlike in Dormitory Authority, however, there has been no discovery in this case.
The third-party complaint and underlying complaint sufficiently alleged facts sufficient to support the third-party claims for contribution founded on, among other things, negligent monitoring of excavation and underpinning work that allegedly caused property damage to adjoining properties. Whether or not the complaint's negligence claims are duplicative of the breach of contract claims therein cannot be resolved as a matter of law based on the minimal pre-answer allegations alone.
As for the third-party claim seeking [*2]common-law indemnification, where, as here, "[a] party [is] sued solely for its own alleged wrongdoing, rather than on a theory of vicarious liability, [it] cannot assert a claim for common law indemnification" (Mathis v Central Park Conservancy, 251 AD2d 171, 172 [1st Dept 1998]; see also TOV Mfg., Inc. v Jaco ImportCorp., 123 AD3d 477, 478 [1st Dept 2014]; Beck v Studio Kenji, Ltd., 90 AD3d 462, 463 [1st Dept 2011]). As the pleadings fail to allege facts to indicate third-party plaintiffs might potentially be vicariously liable, the third-party claims for common-law indemnification fail and must be dismissed. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024