Antonio v VS 125 LLC (2024 NY Slip Op 05537)

Antonio v VS 125 LLC

2024 NY Slip Op 05537

Decided on November 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 12, 2024

Before: Manzanet-Daniels, J.P., Pitt-Burke, Rosado, O'Neill Levy, Michael, JJ. 

Index No. 809173/21 Appeal No. 2999 Case No. 2023-03035 

[*1]Melanie Antonio, Plaintiff-Respondent,
v
VS 125 LLC et al., Defendants-Appellants, SHVO Inc., Defendant.

Cullen and Dykman LLP, New York (Michael Joseph of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jack W. Lockwood II of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about May 23, 2023, which, to the extent appealed from as limited by the briefs, denied defendants VS 125 LLC, Bizzi & Partners Development LLC, and Time Square Construction, Inc.'s motion for summary judgment dismissing the Labor Law § 241(6) claim, unanimously modified, on the law, to grant the motion insofar as predicated on violations of provisions other than Industrial Code (12 NYCRR) §§ 23-1.5(c) and 23-9.2(a), and otherwise affirmed, without costs.
The court correctly denied the branch of defendants' motion for summary judgment dismissing the Labor Law § 241(6) claim based on Industrial Code §§ 23-1.5(c) and 23-9.2(a). Even if defendants met their initial burden, plaintiff raised triable issues of fact as to whether the chipping gun was in sound and operable condition or had an unsafe condition that necessitated repair. Plaintiff testified that the bit kept getting stuck, that she informed her supervisor that it was jamming, and that the supervisor directed plaintiff to continue using it, before the bit suddenly spun, injuring plaintiff (see e.g. Nicholson v Sabey Data Ctr. Props., LLC, 205 AD3d 620, 621 [1st Dept 2022]). Defendants' argument that plaintiff's affidavit contradicts her deposition testimony is unavailing.
We decline to reach the arguments that defendants raise for the first time in their appellate reply brief (see Cassidy v Highrise Hoisting & Scaffolding, Inc., 89 AD3d 510, 511 [1st Dept 2011]).
Because plaintiff does not argue that there were any other Industrial Code violations, the order should be modified to grant summary judgment dismissing the Labor Law § 241(6) claim insofar as premised on any sections other than Industrial Code §§ 23-1.5(c) and 23-9.2(a).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2024