**Arzeno v Kennedy Constr. Servs.**

2025 NY Slip Op 30621(U)

February 24, 2025

Supreme Court, New York County

Docket Number: Index No. 151154/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**

*Justice*

----------------------------------------------------------------------X

GEORGE ARZENO, TIFFANY CHUNG-ARZENO,

Plaintiff,

- v -

KENNEDY CONSTRUCTION SERVICES, KLG
CONTRACTING SERVICES, INC.,JOSH MANES
ARCHITECTURE, DPC,JETT PROJECTS

Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 151154/2024 |
| MOTION DATE | 09/11/2024 |
| MOTION SEQ. NO. | 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50

were read on this motion to/for _____ DISMISSAL _____.

Upon the foregoing documents, and after a final submission date of January 7, 2025, Defendant Josh Manes Architecture, DPC's ("Manes") motion to dismiss Defendant Kennedy Construction Services' ("Kennedy") crossclaims pursuant to CPLR 3211(a)(7) and General Obligations Law § 15-108(b) is granted.

Plaintiffs own a townhouse at 313 Convent Avenue, New York, NY 10031 ("Townhouse"). Plaintiffs sue Defendants for property damage allegedly resulting from the Defendants' renovation of the Townhouse. On August 13, 2024, Plaintiffs and Manes executed a stipulation of discontinuance with prejudice (NYSCEF Doc. 38). Now, Manes seeks dismissal of Kennedy's crossclaims seeking contribution, common law indemnification, and contractual indemnification asserted against it.

The purpose of General Obligations Law § 15-108(b) is to encourage settlement by providing protection to tortfeasors who settle with a plaintiff from claims of contribution by co-defendants (*see BDO Seidman LLP v Strategic Resources Corp.*, 70 AD3d 556, 559 [1st Dept

151154/2024  ARZENO, GEORGE ET AL vs. KENNEDY CONSTRUCTION SERVICES ET AL
Motion No.  002

Page 1 of 4

2010]). Kennedy argues Manes failed to show its release satisfies General Obligations Law § 15-108(d). That section requires tortfeasors to provide "monetary consideration greater than one dollar" to a plaintiff in exchange for a release to qualify for immunity from a codefendant's contribution claim. However, an affidavit from Josh Manes indicates that in exchange for a release Manes provided (1) intellectual property in the form of design files, and (2) five hours of labor closing out a demolition permit related to the Townhouse (NYSCEF Doc. 49). According to Manes, the files and labor are worth approximately $11,125.[1] Considering the monetary value of the exchanged services and product, and the spirit of General Obligations Law § 15-108(b), which is to encourage settlement, the Court finds Kennedy's contribution crossclaim against Manes is extinguished by § 15-108(b). Therefore, Kennedy's contribution crossclaim against Manes is dismissed.

Kennedy's contractual indemnification crossclaim against Manes is dismissed. Plaintiffs' Complaint alleges that Manes entered an architectural agreement with Plaintiffs. The NYSCEF record reflects that the only contract Manes entered related to the Townhome was with Plaintiffs (NYSCEF Doc. 21). Kennedy's crossclaim for contractual indemnification does not allege any facts showing the existence of a contractual agreement to indemnify between Manes and Kennedy (*see* NYSCEF Doc. 29 at ¶ 52). In fact, the crossclaim, which consists of only two paragraphs, is boilerplate and alleged against all co-defendants at once (*see also Godfrey v Spano*, 13 NY3d 358, 373 [2009] ["conclusory allegations—claims consisting of bare legal conclusions with no factual specificity—are insufficient to survive a motion to dismiss"] citing *Caniglia v Chicago Tribune-N.Y. News Syndicate*, 204 AD2d 233, 233-234 [1st Dept 1994]). These conclusory allegations are insufficient to withstand Manes' motion to dismiss. Nor has Kennedy produced the alleged

---

[1] Manes states it did not include a complete release and settlement agreement as it is subject to a confidentiality clause. However, it offered to make same available to the Court via an in-camera inspection.

151154/2024   ARZENO, GEORGE ET AL vs. KENNEDY CONSTRUCTION SERVICES ET AL          Page 2 of 4
Motion No.  002

2 of 4

[* 2]

indemnification agreement in opposition to amplify its pleadings (*see, e.g. AG Capital Funding Partners, L.P. v State Street Bank and Trust Co.*, 5 NY3d 582, 591 [2005]). Therefore, Kennedy's contractual indemnification crossclaim against Manes is dismissed.

The same reasoning applies to Kennedy's crossclaim alleging common law indemnification. The pleading is devoid of facts that indicate Kennedy may be held vicariously liable for Manes' negligence (*63rd & 3rd NYC LLC v Advanced Contracting Solutions, LLC*, 223 AD3d 447, 449 [1st Dept 2024]). Moreover, Plaintiffs' Complaint makes clear that Kennedy is being sued directly for its own wrongdoing, and the wrongdoing of its subcontractors – Abatek, Corp. and KLG Contracting (*see generally* NYSCEF Doc. 1). Plaintiffs do not allege they seek to hold Kennedy vicariously liable for Manes' acts. The absence of an alleged vicarious relationship is fatal to Kennedy's crossclaim for common law indemnification against Manes. Therefore, Kennedy's common law indemnification crossclaim asserted against Manes is dismissed (*TOV Mfg., Inc. v Jaco Import Corp.*, 123 AD3d 477, 478 [1st Dept 2014]).

Accordingly, it is hereby,

ORDERED that Defendant Josh Manes Architecture, DPC's motion to dismiss Defendant Kennedy Construction Services' crossclaims pursuant to CPLR 3211(a)(7) and General Obligations Law § 15-108(b) is granted, and Kennedy Construction Services' crossclaims alleging contribution, contractual indemnification, and common law indemnification against Defendant Josh Manes Architecture, DPC are dismissed; and it is further

ORDERED that on or before May 19, 2025, the parties shall meet and confer and submit a proposed preliminary conference order via e-mail to SFC-Part33-Clerk@nycourts.gov. In the event the parties cannot agree to a proposed order, the parties shall appear for a preliminary

151154/2024 ARZENO, GEORGE ET AL vs. KENNEDY CONSTRUCTION SERVICES ET AL Page 3 of 4
Motion No. 002

3 of 4

conference on May 21, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York;

and it is further

ORDERED that within ten days of entry, counsel for Defendant Josh Manes Architecture,

DPC shall serve a copy of this Decision and Order, with notice of entry, to all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 2/24/2025 | | | | *May V Rosa JSC* |
|-----------|--|--|--|-------------------|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|---|----------------------|--|
| | x | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**151154/2024   ARZENO, GEORGE ET AL vs. KENNEDY CONSTRUCTION SERVICES ET AL**          **Page 4 of 4**
**Motion No.  002**

4 of 4

[* 4]